## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

CORY SAMEK,

       Plaintiff,

vs.                               Case No.:

CARMINE MARCENO, in his official capacity as
Sheriff of Lee County, Florida,
CHRISTOPHER MEYER, in his official capacity
and individually,

       Defendants.

_____//

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

1.     This is a civil rights action in which the Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.

2.     Jurisdiction of this Court is found upon 28 U.S.C. § 1331.

3.     The events that give rise to this lawsuit took place at a Gulf Express Gas Station located at 4843 Palm Beach Boulevard, Fort Myers, Florida 33905 [the "Subject Premises].

4.     Venue is appropriate in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) since both individual Defendants are employees of Lee County and

1

the acts providing the legal basis for this Complaint occurred in Fort Myers, Lee County, Florida.

## PARTIES

5.    Plaintiff, Cory Samek, ("Plaintiff" or "Mr. Samek"), is a citizen of Fort Myers, Lee County, Florida.

6.    At all relevant times hereto, Defendant Carmine Marceno ("Marceno"), is/was employed by Lee County as the Sheriff of the Lee County Sheriff's Office ("LCSO"), and was acting under the color of state law. Defendant Marceno is being sued in his official capacity as Sheriff of Lee County.

7.    At all relevant times hereto, Defendant Christopher Meyer ("Meyer"), was employed by Lee County as a sergeant in the LCSO, and was acting under the color of state law. Defendant Meyer is being sued in his official capacity and his individual capacity.

8.    The individual Defendants, Marceno and Meyer, when referred to collectively, will be referred to as the individually named "Defendants".

## FACTUAL BACKGROUND

9.    On August 11, 2025, Plaintiff Mr. Samek was at the gas station/convenient store on the Subject Premises.

10.    At approximately 2:00 a.m., LCSO deputies Alexander Ricci and Bradley Davidson approached Mr. Samek as he was entering the store on the Subject Premises, and told Mr. Samek he was trespassing.

11.    Shortly thereafter, Defendant Meyer entered the scene and approached Mr. Samek with force.

12.    Defendant Meyer punched Mr. Samek in the face, as deputy Ricci and deputy Davidson watched from a few feet away.

13    Defendant Meyers grabbed Mr. Samek by the neck in a one-arm chokehold and body-slammed Mr. Samek into the ground as deputy Ricci and deputy Davidson watched from a few feet away.

14.    While Mr. Samek was on the ground in Defendant Meyer's one-arm chokehold, Defendant Meyer continued to launch more punches into the Mr. Samek's torso, face, and mouth as deputy Ricci and deputy Davidson continued to watch the assault and battery from a few feet away.

15.    Defendant Meyer repeatedly punched Mr. Samek until he became temporarily unconscious.

16.    Mr. Samek regained consciousness inside the Defendants' law enforcement vehicle en route to Lee Memorial Hospital, where he required treatment for the broken ribs, broken bones in his face, facial swelling, and missing teeth he sustained at the hands of Defendant Meyer.

3

17    LCSO Captain John Desrosiers, the watch commander on the scene, failed to ensure the incident was documented in accordance with the policy of the Lee County Sheriff's Office.

18.    At the time he was assaulted and battered, Ms. Samek had not committed a crime, was not under arrest, did not pose an imminent threat towards any law enforcement officer or civilian, and was not approaching any law enforcement officer or civilian in an aggressive or violent manner.

19.    At the time of the assault and battery, Defendant Meyer did not reasonably believe such force was necessary to defend himself or others from bodily harm.

20.    At the time of the assault and battery, Defendant Meyer did not reasonably believe the use of deadly force was necessary to defend himself or others from bodily harm.

21.    At the time of the assault and battery, Defendant Meyer used force that was unnecessary to prevent an arrest from being defeated by flight of a felon, did not give any warning regarding the use of deadly force, and did not reasonably believe that a fleeing felon had committed a crime involving the infliction of threatened infliction of serious physical harm to another person.

22.    At the time he was assaulted and battered, Mr. Samek was not running away.

23.    At the time he was assaulted and battered, Mr. Samek was not resisting arrest.

24.    None of the LCSO officers or agents on scene rendered medical aid to Mr. Samek.

25.    Mr. Samek was not rendered any aid until approximately 60 minutes after the assault and battery when he was finally taken to Lee Memorial Hospital for his severe injurie.

26.    Defendant Meyer was terminated from the LCSO on multiple bases related to the assault and battery of Mr. Samek, including: improper use of force against Mr. Samek, conduct unbecoming of a law enforcement office, lack of job knowledge, and untruthfulness in law enforcement reports.

27.    LCSO deputy Bradley Davidson was terminated from the LCSO on multiple bases related to the assault and battery of Mr. Samek, including: conduct unbecoming of a law enforcement office, lack of job knowledge, and untruthfulness in law enforcement reports.

28.    LCSO deputy Alexander Ricci was terminated from the LCSO on multiple bases related to the assault and battery of Mr. Samek, including: including: conduct unbecoming of a law enforcement office, lack of job knowledge, and untruthfulness in law enforcement reports.

29.    LCSO captain John Desrosiers, the watch commander on scene, was demoted to deputy rank for his failure to ensure the assault and battery of Mr. Samek was documented in accordance with governmental policy and procedure.

30.    The force used against Mr. Samek was excessive and done in blatant violation of the Fourth Amendment.

31.    The force used against Mr. Samek was pursuant to the policies and instruction of Defendant Marceno, who encourages physical violence and force when effectuating arrests in LCSO's jurisdiction.

32.    The actions and omissions of the Defendants caused Mr. Samek physical and emotional pain and injury.

33.    The herein complained-of actions and omissions of the Defendants were done intelligently, knowingly, purposely, intentionally, willfully, wantonly, maliciously, unlawfully, with disregard, deliberate indifference, and gross negligence, and were objectively unreasonable.

## COUNT I
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment – Excessive Force)

### (Against Defendants)

34.    Plaintiff incorporates by reference all prior paragraphs describing the parties and factual allegations, because all such paragraphs are pertinent to this claim.

6

35.    The Fourth Amendment prohibits law enforcement from using excessive force when effectuating an arrest.

36.    Plaintiff was not a threat to Defendant Meyer's safety, or the safety orf anyone else present.

37.    At all times relevant, Plaintiff had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

38.    The use of force against Plaintiff described herein was excessive, without legal justification, and not justified by the totality of the circumstances.

39.    Plaintiff had not committed any illegal act when encountered by Defendants at the Subject Premises.

40.    At all times relevant, Defendants, as law enforcement officers acting under color of law, were required to obey the laws of the United States.

41.    Defendant Meyer intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently assaulted, battered, choked, body-slammed, and repeatedly punched Plaintiff in the mouth, face, and torso without any lawful basis.

42.    Defendant Meyer's actions constituted excessive force.

43.    Defendant Marceno intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently instructed and authorized LCSO officers and agents, including but not limited to Defendant Meyer, to assault, batter, choke, body-slam, punch, and otherwise use excessive force against civilians without any lawful basis.

44.    The aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

45.    As a proximate result of the illegal and unconstitutional acts of Defendant Meyer and Defendant Marceno, Plaintiff was harmed and suffered damages for his pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical care and treatment, humiliation, embarrassment, the loss of the ability to earn money, and/or an aggravation of pre-existing condition.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, CORY SAMEK, demands judgment and prays for the following relief, jointly and severally, against all Defendants:

a.    Full and fair compensatory damages in an amount to be determined by a jury;

b.    Punitive damages in an amount to be determined by a jury;

c.    Reasonable attorney's fees and costs of this action; and

d.    Any such other relief as appears just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).


Dated: January  5th, 2024.


                      THE NORTH LAW FIRM, P.A.
                      Attorney for the Plaintiff
                      14241 Metro Parkway, Suite 200
                      Fort Myers, Fl 33912
                      (239) 337-1191
                      By:_____
                        Joseph R. North, Sr., Esquire
                        Fla. Bar No. 855812



                      Email Designations:
                      Primary:    jrobertnorth@thenorthlawfirm.org
                      Secondary:  joseph@thenorthlawfirm.org
                                  mikelkinser@thenorthlawfirm.org
                                  clg@thenorthlawfirm.org