UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CORY SAMEK,

    Plaintiff,

v().                                             Case No.: 2:24-cv-19-SPC-NPM

CARMINE MARCENO and
CHRISTOPHER MEYER,

    Defendants.
_____/

**ORDER**

Before the Court is Defendant Sheriff Marceno's Motion to Dismiss the Complaint. (Doc. 9). Plaintiff Cory Samek did not respond to the Motion, and the time to do so has ended. *See* M.D. Fla. Local R. 3.01(c) (giving a party twenty-one days to respond to a motion to dismiss, the failure of which means the motion may be treated as unopposed).

This is a civil rights action under § 42 U.S.C. § 1983. Plaintiff brings one count against both Lee County Sheriff Carmine Marceno, in his official capacity, and Christopher Meyer (a former sergeant) in his official and individual capacities.[1] (Doc. 1). Plaintiff alleges Meyer used excessive force while arresting him in violation of his Fourth Amendment rights. Sheriff

---

[1] Meyer has yet to be served with the Complaint. *See* M.D. Fla. Local R. 1.10.

1

Marceno now moves to dismiss the *Monell*[2] claim asserted against him, arguing the Complaint does not sufficiently allege any of his customs, policies, or procedures violated Defendant's constitutional rights.

After reviewing the Motion against the record, the Court dismisses the Complaint without prejudice, but not for the reasons Sheriff Marceno argues. There is a more fundamental problem with the Complaint—it is a shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 n.10 (11th Cir. 2015) (courts must consider sua sponte whether complaints are shotgun pleadings).

Together, Rules 8 and 10 lay out the minimum pleading requirements. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Violations of these rules sometimes create the problem of a shotgun pleading. *Weiland*, 792 F.3d at 1322-23. One type of shotgun pleading is when a complaint fails to "separat[e] into a different count each cause of action or claim for relief." *Id.* at 1323.

---

[2] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) (holding that municipalities may be sued under § 1983 when execution of a government's official policy or nofficial custom causes the infliction of a constitutional injury).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). They waste resources, broaden discovery, and ravage dockets. They also do not "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

Here, the Complaint lumps the *Monell* claim against Sheriff Marceno in the same count as the civil rights claim against Meyer. This is problematic because suing Sheriff Marceno in his official capacity requires a different showing than suing Meyer in his individual capacity. So it would promote clarity for both the Court and Defendants for Plaintiff to plead his *Monell* claim as a separate count that includes sufficient allegations to support this distinct theory of relief. Plaintiff is further warned that he cannot rely on conclusory statements and expect to avoid dismissal.

Accordingly, it is now

**ORDERED:**

1. The Complaint (Doc. 1) is **DISMISSED** without prejudice as a shotgun pleading.

2. Plaintiff may file an amended complaint consistent with this Order **on or before March 19, 2024**. **Failure to do so will result in the closure of this case without further notice**.

3. Defendant's Motion to Dismiss (Doc. 9) is **DENIED without prejudice.**

**DONE** and **ORDERED** in Fort Myers, Florida on March 6, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

4